```
                                    ┌────────────────────────────┐
                                    │ USDC SDNY                  │
                                    │ DOCUMENT                   │
                                    │ ELECTRONICALLY FILED       │
UNITED STATES DISTRICT COURT        │ DOC #:                     │
SOUTHERN DISTRICT OF NEW YORK       │ DATE FILED:   04 14 09     │
- - - - - - - - - - - - - - - - x   └────────────────────────────┘
```

                                    :        **MEMORANDUM DECISION**

                    IN RE
MCDERMOTT INTERNATIONAL, INC.       :        08 Civ. 9943 (DC)
    SECURITIES LITIGATION                    08 Civ. 10615 (DC)
                                    :        09 Civ. 570 (DC)

- - - - - - - - - - - - - - - - -x

**APPEARANCES:**        IZARD NOBEL LLP
                        Attorneys for Lead Plaintiffs
                            By:  Mark Peter Kindall, Esq.
                        20 Church Street, Suite 1700
                        Hartford, Connecticut   06103

                        BAKER BOTTS LLP
                        Attorneys for Defendants
                            By:  Richard Benjamin Harper, Esq.
                                 Seth T. Taube, Esq.
                        30 Rockefeller Plaza, 44th Floor
                        New York, New York  10112
                            By:  Mark K. Glasser, Esq.
                        One Shell Plaza -- 910 Louisiana Street
                        Houston, Texas   77002-2764

**CHIN, District Judge**

            In these consolidated securities fraud class actions,

plaintiffs allege defendants violated §§ 10(b) and 20(a) of the

Securities Exchange Act of 1934 and Rule 10b-5.  In particular,

plaintiffs allege that defendants made false and misleading

statements regarding the status of three large construction

contracts.  Plaintiffs sue on behalf of a class of all persons

who acquired common stock in McDermott International, Inc.

("McDermott") from February 27, 2008 through and including

November 5, 2008 (the "Class Period").

            Defendants move to transfer this action to the Southern

District of Texas pursuant to 28 U.S.C. § 1404(a).  For the

reasons set forth below, the motion is granted.

## BACKGROUND

### A.    The Facts

McDermott is a global engineering and construction services company.  It has an offshore oil construction business that provides engineering, construction, installation, and project management services to offshore oil and gas field developments worldwide.  (Compl. ¶ 2).

Defendants are accused of making false and misleading statements regarding the status of three construction contracts for the installation of marine oil and gas pipelines off the coast of Qatar.  Plaintiffs allege defendants knew or recklessly disregarded knowledge that the pipeline construction contracts were seriously behind schedule and that McDermott could not meet its productivity assumptions and would be unable to profit from the projects.  (Id. ¶¶ 3, 4, 24-25).  They allege defendants made materially false and misleading statements in (1) McDermott's 2007 annual Form 10-K report filed with the SEC on February 27, 2008; (2) a February 28, 2008 conference call; (3) an April 28, 2008 press release; (4) McDermott's quarterly Form 10-Q reports for the first and second quarters of 2008 filed with the SEC on May 12, 2008 and August 11, 2008, respectively; and (5) a August 12, 2008 conference call.  (Id. ¶¶ 26-50).

McDermott is incorporated in the Republic of Panama, and its principal place of business is Houston, Texas.  (Id. ¶ 15).  It does not have offices, physical assets, or employees in New York; nor is it licensed to do business in New York.  (Stumpf

- 2 -

Decl. ¶ 3). Records and documents pertaining to matters at issue are located in Houston. (Id. ¶¶ 3, 5). In addition, the 10-K and 10-Q reports and the press release at issue were prepared and issued in Houston, and the conference calls at issue were conducted from McDermott's offices in Houston. (Id. ¶ 9).

Defendant Bruce Wilkinson, the former Chairman of the Board of Directors and Chief Executive Officer of McDermott, resides in Houston. (Id. ¶ 2). Defendant Michael Taff, Senior Vice President and Chief Financial Officer of McDermott, also resides in Houston. (Id.). Defendants have identified fourteen other potential trial witnesses, twelve of whom reside in Houston and two of whom reside in Dubai, United Arab Emirates. (Id. ¶ 10). Four of the Houston-based witnesses identified by defendants are not employed by or otherwise subject to the control of McDermott. (Id. ¶ 11). Plaintiffs have identified fifteen potential third-party witnesses, eleven of whom are located within the subpoena power of this Court, and only two of whom are based in Houston. (Pls. Mem. at 5).

## B. Procedural History

Plaintiff Stuart Sherman filed the first of these class actions on Nov. 17, 2008. By order dated January 30, 2009, the following cases were consolidated: Sherman v. McDermott Int'l Inc., No. 08 Civ. 9943 (DC), Imbesi v. McDermott Int'l, Inc., No. 08 Civ. 10615 (DC), and Chattanooga Fire & Police Pension Fund v. McDermott Int'l, Inc., No. 09 Civ. 570 (DC). On March 6, 2009, I appointed putative class members George R. Adams, Mina J. Adams,

and George L. Adams (the "Adams Family") to serve as lead
plaintiffs and appointed their attorneys, Izard Nobel LLP ("Izard
Nobel"), as lead counsel.

## DISCUSSION

### A. Applicable Law

Under 28 U.S.C. § 1404, a court may transfer any civil
action to any other district where the case might have been
brought if the transfer serves "the convenience of parties and
witnesses, [and is] in the interest of justice." 28 U.S.C.
§ 1404(a); see Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).
The purpose of § 1404(a) is "to prevent waste 'of time, energy
and money' and 'to protect litigants, witnesses and the public
against unnecessary inconvenience and expense.'" In re
Stillwater Mining Co. Sec. Litig., No. 02 Civ. 2806 (DC), 2003 WL
21087953, at *2 (S.D.N.Y. May 12, 2003) (citing Trehern v. OMI
Corp., No. 98 Civ. 0242 (RWS), 1999 WL 47303, at *1 (S.D.N.Y.
Feb. 1, 1999) (internal quotations and citation omitted)).

"A party seeking to transfer venue must demonstrate
that: (1) the action could have been brought originally in the
transferee forum; (2) the transferee forum would be more
convenient; and (3) transfer advances the interests of justice."
Stillwater, 2003 WL 21087953, at *3 (citing Prudential Sec. Inc.
v. Norcom Dev., Inc., No. 97 Civ. 6308 (DC), 1998 WL 397889, at
*2 (S.D.N.Y. July 16, 1998)).

The decision whether to transfer venue rests within the
sound discretion of the district court. See In re Cuyahoga

Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) ("[M]otions for transfer lie within the broad discretion of the district court and are determined upon notions of convenience and fairness on a case-by-case basis."); Filmline (Cross-Country) Prods., Inc. v. United Artists Corp., 865 F.2d 513, 520 (2d Cir. 1989); Elec. Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc., Nos. 07 Civ. 975 (HB), 07 Civ. 1229 (HB), 07 Civ. 1777 (HB), 07 Civ. 1953 (HB), 2007 WL 2068107, at *2 (S.D.N.Y. July 19, 2007). In ruling on a motion to transfer venue, the trial court is to give the plaintiff's choice of venue "substantial consideration." Warrick v. Gen. Elec. Co., 70 F.3d 736, 741 (2d Cir. 1995) (quoting A. Olinick & Sons v. Dempster Bros., Inc., 365 F.2d 439, 444 (2d Cir. 1966)). A plaintiff's choice of venue "will not be disturbed unless the balance of factors weighs strongly in favor of granting the transfer." Worldcom Techs., Inc. v. ICC Inteleca Commc'ns, Inc., 37 F. Supp. 2d 633, 638 (S.D.N.Y. 1999) (internal quotations omitted).

The district court generally should disturb the plaintiff's choice of forum only if, on balance, the following factors clearly favor transfer: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts (that is, the place where the events at issue occurred); (4) the location of relevant documents and relative ease of access to sources of proof; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the forum's familiarity with the governing law; (7) the relative

financial means of the parties; (8) the weight afforded
plaintiff's choice of forum; and (9) trial efficiency and the
interests of justice generally. See In re Global Cash Access
Holdings, Inc. Sec. Litig., No. 08 Civ. 3516 (SWK), 2008 WL
4344531, at * 3 (S.D.N.Y. Sept. 18, 2008); Elec. Workers Pension
Fund, 2007 WL 2068107, at *3; In re Collins & Aikman Corp. Sec.
Litig., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006); Stillwater,
2003 WL 21087953, at *3.

## B.  Application

This action will be transferred to the Southern
District of Texas where the allegedly false and misleading
statements were made, McDermott's headquarters are located, and
where many witnesses and documentary evidence are located.

### 1.  Proper Forum

The threshold issue is whether venue is proper in the
proposed forum.  Venue is governed by Section 27 of the 1934 Act,
codified at 15 U.S.C. § 78aa, which provides that venue is proper
in any district in which an "act or transaction constituting a
violation has occurred," or "where the defendant is found or is
an inhabitant or transacts business." 15 U.S.C. § 78aa.  The
parties do not dispute that the Southern District of Texas is a
proper venue, as that is where Wilkinson and Taff reside and
where McDermott's principal offices are located, as well as where
the allegedly false and misleading statements were made and/or
generated.

- 6 -

## 2. **Transfer Factors**

The transfer determination thus rests on an evaluation of the nine factors set out in the case law. These factors weigh strongly in favor of transfer to the Southern District of Texas.

First, the convenience of the witnesses favors transfer. This factor is generally considered the most important in deciding a motion to transfer venue. Elec. Workers Pension Fund, 2007 WL 2068107, at *3; Stillwater, 2003 WL 21087953, at *4; Schauder v. Int'l Knife & Saw, Inc., No. 02 Civ. 8361 (NRB), 2003 WL 1961611, at *3 (S.D.N.Y. Apr. 28, 2003). Of the witnesses identified by McDermott, two live in Dubai and fourteen live in Houston. Although plaintiffs have also identified a number of potential witnesses who are located in New York, "it is the nature of the testimony and not the number of prospective witnesses on each side that is important." Elec. Workers Pension Fund, 2007 WL 2068107, at *4 (quoting In re Nematron Corp. Sec. Litig., 30 F.Supp.2d 397, 402 (S.D.N.Y. 1998)).

Here, because this is a securities fraud action relating to alleged false statements, the key witnesses are Wilkinson and Taff and other McDermott officers and employees who made the allegedly false and misleading statements. See In re Connetics Sec. Litig., No. 06 Civ. 11496 (SWK), 2007 WL 1522614, at *3 (S.D.N.Y. May 23, 2007) ("In cases where, as here, the plaintiff alleges securities fraud, the key witnesses are frequently officers and employees . . . who participated in drafting or distributing allegedly false and misleading

statements") (internal quotations and citation omitted);
Stillwater, 2003 WL 21087953, at *4 (same); In re Nematron Corp.,
30 F.Supp.2d at 402 ("It is well known that trials in securities
class actions focus almost entirely on the defendants'
conduct."). By contrast, the eleven witnesses identified by
plaintiffs as located within the subpoena power of this Court are
all securities analysts who covered McDermott's stock during the
Class Period. These witnesses would offer testimony about
defendants' statements and how they affected the witnesses'
analysis and evaluation of McDermott securities. (Pls. Mem. at
5-10).

          Plaintiffs are unable to specify the substance of these
potential witnesses' testimony. To the extent their testimony
would be offered to show loss causation, moreover, the witnesses
would have to qualify as experts. See In re Indep. Energy
Holdings PLC Sec. Litig., No. 00 Civ. 6689 (SAS), 2003 WL
22244676, at *3 (S.D.N.Y. Sept. 29, 2003) ("proof of damages in
securities cases is always difficult and invariably requires
expert testimony"). Expert witnesses are generally excluded from
the analysis of the convenience of the witnesses. See, e.g.,
Glass v. S & M NuTec, LLC, 456 F. Supp. 2d 498, 502 (S.D.N.Y.
2006)("[I]t is well settled that the location of expert witnesses
is irrelevant to a transfer decision."). Additionally, surely
eleven securities analysts would be highly cumulative. In any
event, the "central issues" in this case relate to "facts and
circumstances outside the personal knowledge of the plaintiffs"

666.4/14/09Page9of13

Case 4:09-cv-01208   Document 39   Filed in TXSD on 04/14/09   Page 9 of 13

and their proposed third-party witnesses -- "including the
accuracy of [defendant's] statements and the defendants' state of
mind."  Adair v. Microfield Graphics, Inc., No. 00 Civ. 629
(MBM), 2000 WL 1716340, at *2 (S.D.N.Y. Nov. 16, 2000) (granting
motion to transfer in securities fraud action).  Accordingly, the
convenience of the witnesses weighs in favor of transfer.[1]

Second, the convenience of the parties also weighs in
favor of transfer.  All of the defendants are located in the
Southern District of Texas.  McDermott has no offices or
employees in the Southern District of New York.  Plaintiffs, as a
proposed national class, are spread throughout the country.  See
Stillwater, 2003 WL 21087953, at *4 ("[T]he residence of a class
representative is often a mere happenstance, which may be
discounted by a court when weighing transfer factors.").  The
residences of the Adams Family's members are not specified.  Even
assuming lead plaintiffs reside in the chosen forum, however, the
convenience of the parties weighs in favor of transfer.  Id.

In arguing that the Southern District of New York would
not be inconvenient to defendants, plaintiffs note that
defendants have traveled on multiple occasions to this district,
including during the Class Period.  They also note that
defendants and their subsidiaries have engaged in litigation in

---

[1]     Plaintiffs also argue that potential third-party
witnesses include employees of New York-based ratings agencies
and investment bankers who hosted investor conferences.  (Pls.
Mem. at 11-13).  They fail, however, to identify individuals in
these two categories of potential witnesses who they might call
at trial.  The convenience of these witnesses are not considered
in the transfer analysis.

- 9 -

this district. This argument is unavailing. Defendants' prior travel to and their prior litigation activity in this district carry little weight, as the existence of such travel and litigation does not mean that it would be convenient for defendants to litigate this case here.

Third, as to the locus of operative facts, virtually all of the events underlying this action occurred in the Southern District of Texas. The statements at issue -- the SEC reports, press release, and conference calls -- were all generated and disseminated from Houston. See In re Collins & Aikman Corp., 438 F. Supp. 2d at 397 ("[M]isrepresentations are deemed to occur in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.") (citations and internal quotation marks omitted). Although defendants took steps during the Class Period to attract investors in New York, such as making presentations at investor conferences in New York, plaintiffs' complaint does not assert that defendants made any false or misleading statements in violation of federal security laws in New York. The center of gravity of this case is undoubtedly in the Southern District of Texas. This factor therefore weighs in favor of transfer.

Fourth, all of defendants' corporate records are located in McDermott's principal offices in Houston. (Stumpf Decl. ¶ 3). Plaintiffs argue that electronic document review has made the physical location of documents less important for purposes of weighing transfer factors. They also argue that

- 10 -

third-party document discovery will be obtained in the Southern
District of New York. Even assuming these assertions are
correct, the fact that McDermott's documents are all located in
the Southern District of Texas still slightly favors transfer.

Fifth, the availability of process to compel witnesses
is neutral. Both defendants and plaintiffs identify witnesses
outside the subpoena power of the Southern District of Texas and
the Southern District of New York. Some potential witnesses are
located in Dubai and are therefore unavailable for process
regardless of venue. As discussed above, the witnesses
identified by defendants appear to have material testimony on
central issues in the case, whereas it is unclear whether the
witnesses identified by plaintiffs would have admissible
testimony at trial. At best, then, this factor is neutral.

The sixth factor is the forum's familiarity with the
governing law. This is a federal securities fraud class action.
Both the Southern District of New York and the Southern District
of Texas are equally capable of applying federal securities law
to this action. This factor is therefore neutral.

Seventh, the relative financial means of the parties is
another neutral factor in deciding the motion to transfer. Izard
Nobel is a premier class action litigation firm that has
litigated in courts across the country. (Defs. Ex. C). Its fees
are paid from successful litigation recoveries. (Id. Ex. B). It
has also indicated its willingness to serve as lead counsel
should the case be transferred to Texas. This factor is
therefore neutral.

Eighth, a plaintiff's choice of forum is normally accorded substantial weight in deciding motions to transfer venue unless the balance of factors strongly favors transfer. Where there is little material connection between the case and the chosen forum, however, a plaintiff's choice of forum carries less weight. Stillwater, 2003 21087953, at *5. This is often the case in securities class actions. See In re ArtheroGenics Sec. Litig., No. 05 Civ. 61 (RJH), 2006 U.S. Dist. LEXIS 15786, at *9 (S.D.N.Y. March 31, 2006) ("[W]hile it is axiomatic that a plaintiff's choice of forum is entitled to great consideration, the adage has little weight in stockholder class actions.") (citation and internal quotation marks omitted). Here, plaintiff's choice of forum is entitled to less deference, as there is little material connection between the case and the Southern District of New York. Even according plaintiffs' choice of forum substantial weight, however, the balance of factors still strongly favors transfer to the Southern District of Texas.

Finally, in the interests of justice, this case should be transferred to the Southern District of Texas. As the above analysis demonstrates, New York has little connection to this action, and the center of gravity of this litigation is in the Southern District of Texas. See In re ArtheroGenics Sec. Litig., 2006 U.S. Dist. LEXIS 15786, at *9 ("While there is no per se rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are

routine as a practical matter.") (citation and quotation marks
omitted).  In short, the balance of factors weighs strongly in
favor of transferring this action to the Southern District of
Texas.

### CONCLUSION

For the reasons set forth above, defendants' motion to
transfer venue is granted.  The Clerk of the Court is directed to
transfer the consolidated cases to the Southern District of
Texas.

SO ORDERED.

Dated:    New York, New York
          April 13, 2009

                                   DENNY CHIN
                                   United States District Judge

- 13 -