**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| ADAMS FAMILY, et al.,<br>　　　　Plaintiffs,<br><br>　　v.<br><br>McDERMOTT INTERNATIONAL, INC.,<br>BRUCE W. WILKINSON, MICHAEL S.<br>TAFF, and ROBERT A. DEASON,<br>　　　　Defendants. | )<br>)<br>)<br>)　CIVIL ACTION NO. 4:09-cv-01208<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO LEAD
PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Defendants McDermott International, Inc. ("McDermott"), Bruce W. Wilkinson, Michael S. Taff, and Robert A. Deason (collectively, "Defendants") respectfully submit this Sur-Reply in Opposition to Lead Plaintiffs' Motion for Leave to Amend.

### ARGUMENT

Plaintiffs argue in their Reply Memorandum that they have remedied the defective allegations in the Dismissed Complaint by resort to a wholly new theory of liability. According to Plaintiffs, the issue now "is not whether significant performance delays in the Three Qatar Projects caused these projects to be nominally profitable or not, but whether they prevented the projects from being as profitable as J. Ray assumed in representing that J. Ray was earning profits of 10-12%." (Reply Memo at 2.)  Plaintiffs then say: "The relevant issue, as clearly alleged in the [Proposed Amended Complaint], is whether defendants knew that the delays in these projects precluded J. Ray from earning 10-12% profit margins." (Reply Memo at 2.)

Taking this to be an accurate summary of Plaintiffs' "new" theory, two things are now very clear. First, Plaintiff's "new" theory does not include allegations of scienter sufficient

to support a claim. The Proposed Amended Complaint is void of factual allegations to support the theory that Defendants knew but did not timely disclose that non-Peak Season performance would render either the Projects *unprofitable or* the company *less profitable* than contemplated in the bid assumptions. The Proposed Amended Complaint therefore fails to raise an inference of scienter.

Second, lacking any direct proof of scienter, Plaintiffs simply leap to the same collateral allegations of scienter that the court has already found insufficient. These include reliance upon the size of the project, the "core business" theory, and insider stock trades. (Reply Memo at 3-6.) These allegations are no more effective in raising an inference of scienter in the Proposed Amended Complaint than they were in the Dismissed Complaint.

Plaintiffs' Reply does not support the "core operations" allegations in the Proposed Complaint, but merely highlights its flaws. Plaintiffs claim that Defendants "wrongly" state the fact that the financial figures in the Proposed Complaint are identical to the figures in the Dismissed Complaint. (Reply Memo at 4-5.) Plaintiffs then admit as much.[1] The Projects are no more critical to McDermott's profitability under Plaintiffs' "new" theory than they were when the Dismissed Complaint was rejected by this Court. Plaintiffs have again failed to plead that the Projects were important enough to raise a "core operations" inference of scienter.

Plaintiffs also fail to allege that the stock trades by Defendants Wilkinson, Taff, and Deason were "suspicious" under controlling caselaw. The Reply contends that these trades were "extraordinary," without any explanation of what "ordinary" would be. (Reply Memo at 6.) Plaintiffs do not even allege that these trades were "suspicious" by virtue of being "out of

---

[1] *Id.* ("Plaintiffs have not changed their allegations with respect to the amount of revenue expected from the projects in question. . . . [T]he revenue numbers were accurate in the initial Complaint, and they have not changed.").

line with prior trading practices."[2] In fact, Plaintiffs do not allege *any facts at all* regarding "prior trading practices" of *any* McDermott insider. As a result, the allegations involving stock trades can neither raise nor support an inference of scienter.[3]

Having built their original theory of liability entirely upon the scheduling of the Three Qatar Projects and the "Peak Season" theory, the problem for Plaintiffs is that they have no other theory. That is why the allegations to which Plaintiffs point in the Proposed Amended Complaint always come back to the issue of the scheduling of the Three Qatar Projects. But Plaintiffs now go too far. Contrary to all that they told the Court in support of their Dismissed Complaint, Plaintiffs in their Reply say, "Under the [Proposed Amended Complaint], whether Defendants knew that that the Three Qatar Projects would actually make or lose money is not relevant." (Reply Memo at 2.) This remarkable statement suggests that Plaintiffs have lost sight of the elements of their own claim. If it does not matter whether Defendants knew of the financial condition of the Qatar Projects, then Defendants cannot possibly be culpable for any disclosure-related claim regarding those Projects. Thus, in their desperation to salvage a claim, Plaintiffs have subverted it.[4]

Plaintiffs came with what they believed to be their strongest theory in the Dismissed Complaint. When it was found lacking, the Court predicted that Plaintiffs would be hard-put to articulate a theory that is any better. They have not.

For all of these reasons, Defendants again request that Plaintiffs' Motion for

---

[2] *Cent. Laborers' Pension Fund v. Integrated Elec. Servs., Inc.*, 497 F.3d 546, 553 (5th Cir. 2007) (quoting *Abrams v. Baker Hughes Inc.*, 292 F.3d 424, 435 (5th Cir. 2002)).
[3] *See* Defendants' Opposition at 13-15 for fuller discussion.
[4] In a similar bout of confusion, Plaintiffs first *admit* that the Proposed Complaint fails to show why the Projects were delayed. (Reply Memo at 3 ("Unlike the [Dismissed] Complaint, the [Proposed Complaint] *does not attempt to show* that Defendants were aware of why the Three Qatar Projects were behind schedule." (emphasis added, original emphasis omitted).) They then claim that the Proposed Complaint *has* demonstrated with particularity that Defendants had "actual knowledge" of the reasons for the delays and the impact those delays would have on McDermott's future profits. *Id.* at 4. The Court is left to guess what any Defendant knew and when, because Plaintiffs *admit* that they have not alleged it.

Leave to Amend be denied and this matter dismissed with prejudice.

DATED this 28th day of May, 2010.

By:  /s/ Mark K. Glasser

| Of Counsel: | Mark K. Glasser |
|---|---|

Of Counsel:
Jeffrey J. McNabb
State Bar No. 24046406
Federal I.D. No. 664844
Edward M. Cottrell
State Bar No. 24065084
Federal I.D. No. 1035244
910 Louisiana
Houston, Texas 77002
Telephone: 713.229.1234
Facsimile:  713.229.1522

Mark K. Glasser
Attorney-in-Charge
State Bar No. 08014500
Federal I.D. No. 930
One Shell Plaza
910 Louisiana
Houston, Texas  77002
Telephone:  713.229.1281
Facsimile:  713.229.7881
mark.glasser@bakerbotts.com

ATTORNEY FOR DEFENDANTS
MCDERMOTT INTERNATIONAL, INC.,
BRUCE W. WILKINSON, MICHAEL S. TAFF,
AND ROBERT A. DEASON

### CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of May, 2010, a copy of the foregoing DEFENDANTS' SUR-REPLY IN OPPOSITION TO LEAD PLAINTIFFS' MOTION FOR LEAVE TO AMEND was filed with the clerk of the court of the United States District Court for the Southern District of Texas and will be served on all counsel of record via *electronic notification by the court and/or certified mail, return receipt requested*.

/s/ Mark K. Glasser
Mark K. Glasser